UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

INNOVA L. SIMPSON,

Plaintiff,

v.

TRANSDEV SERVICES, INC.,

Defendant.

Case No. 2:26-cv-3310-APG-EJY

**ORDER**

Before the Court are Plaintiff's Application to Proceed *in forma pauperis* ("IFP") and Complaint alleging discrimination, retaliation, and a failure to accommodate based on sex and pregnancy. ECF Nos. 1, 1-1. Plaintiff's IFP application is granted below. Plaintiff's Complaint will proceed on all claims asserted.

**I. Screening Standard**

When reviewing a complaint filed by a *pro se* plaintiff, the Court must identify any cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The standard for dismissing a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend with directions to cure its deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). In making this determination, the Court treats all allegations of material fact stated in the complaint as true, and the court construes them in the light most favorable to the plaintiff. *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

That is, *pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Allegations of a *pro se* complainant are held to less stringent standards than pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must plead more than mere

labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* In addition, a reviewing court should "begin by identifying … [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint may be dismissed *sua sponte* if the plaintiff's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II. Discussion

Plaintiff asserts four claims against her employer, Transdev Services, alleging discrimination, retaliation, and failure to accommodate under the Pregnancy Workers Fairness Act ("PWFA") and Title VII of the 1964 Civil Rights Act. Plaintiff appears to have exhausted her administrative remedies as to all four claims, and to have received a Right to Sue Letter after which her Complaint was timely filed. In sum, Plaintiff alleges her employer discriminated against her and failed to accommodate lactation needs she had documented and that were supported by a medical provider note. ECF No. 1-1 at 9-10. Plaintiff further alleges her employer retaliated against her after she complained about the discrimination and failure to accommodate. *Id.* at 10.

The PWFA makes it unlawful for employers with 15 or more employees to refuse to provide reasonable accommodations to qualified employees for known limitations related to pregnancy unless doing so would impose an undue hardship. 42 U.S.C. §§ 2000gg(2)(B)(i), 2000gg-1. A "known limitation" is one "the employee or employee's representative has communicated to the

employer." 42 U.S.C. § 2000gg(4). The statutory scheme also prohibits employers from denying employment opportunities based on the need for reasonable accommodation in addition to retaliating against an employee for requesting or using an accommodation. 42 U.S.C. § 2000gg-1(3), (5).

Once a known limitation is communicated, the employee and employer are required to engage in an "interactive process" defined by Americans with Disabilities Act ("ADA"). 42 U.S.C. § 2000gg(7). This process requires the parties to engage in a good faith conversation and exploration of possible accommodations. *Humphrey v. Mem'l Hosps. Ass'n*, 239 F.3d 1128, 1137 (9th Cir. 2001).

Courts reviewing claims under the PWFA have treated them like failure to accommodate claims under the ADA. *EEOC v. Sec. Assurance Mgmt., Inc.*, Case No. CV 25-00181, 2025 WL 2911781, at *4 n.4 (D.D.C. Oct. 14, 2025) ("Where the language of the PWFA mirrors that of the ADA or Title VII, the Court applies the legal standards governing ADA and Title VII … to Plaintiff's corresponding PWFA claims, as the PWFA, ADA, and Title VII all share the same purpose: eliminating workplace discrimination."); *see also* H.R. Rep. No. 117-27, pt. 1, at 28 (2021) ("The PWFA uses the term 'reasonable accommodation,' as defined under the ADA, throughout the bill's text.").

Thus, to state a failure to accommodate claim under the PWFA, a plaintiff must plead facts demonstrating "she is a qualified individual," her "employer was aware of her limitation," and her "employer failed to reasonably accommodate the limitation." *Keiper v. CNN Am., Inc.*, Case No. 24-cv-875, 2024 WL 5119353, at *2 (E.D. Wis. Dec. 16, 2024) (citing 42 U.S.C. § 2000gg-1(1)). Here, Plaintiff's pleaded facts, when taken as true, establish she was a qualified individual, that Defendant was aware of her lactation needs and limitations, and, ultimately, her employer refused to accommodate her lactation schedule request. ECF No. 1-1 at 5. Thus, Plaintiff states a facial violation of the PWFA for failure to accommodate.

The Court found only one reported case discussing retaliation under the PWFA. In that decision the court established the following elements applicable to such a claim: Plaintiff must plead facts establishing "(1) she was engaging in protected activity; (2) her employer was aware of the protected activity; (3) her employer took adverse action against her; and (4) the adverse action was

retaliatory or, in the absence of such evidence, was sufficiently temporally related to the protected activity to allow an inference of retaliatory motive on the part of the employer." *Larry v. Marion County Coal Company*, 302 F.Supp.3d 763, 773-74 (N.D. W. Va. 2018).

While Plaintiff's facts are slim and somewhat conclusory, she pleads facts demonstrating she was engaged in protected activity—complaining about the failure to accommodate—and that the employer was aware of these complaints. Plaintiff also pleads she was subject to increased scrutiny, rigid monitoring, threatened discipline, and assignment related criticism. ECF No. 1-1 at 10. Plaintiff infers adverse action in the form of the scrutiny and rigid monitoring that is temporarily related to her internal complaints. *Id.* This is facially sufficient to allow for an inference of a retaliatory motive by Defendant and, therefore, enough to state a retaliation claim under the PWFA and Title VII—albeit Plaintiff may be challenged when attempting to establish a retaliatory motive absent some more tangible adverse event.

Finally, in order for Plaintiff to establish a *prima facie* case of discrimination under Title VII that can proceed, she must plead facts that "give[s] rise to an inference of unlawful discrimination." *Llamas v. Butte Cmty. Coll. Dist.,* 238 F.3d 1123, 1126 (9th Cir. 2001) (quoting *Texas Dept. of Cmty. Affairs v. Burdine,* 450 U.S. 248, 253 (1981)). The plaintiff may establish a *prima facie* case by presenting direct evidence of discriminatory intent. *Godwin v. Hunt Wesson, Inc.,* 150 F.3d 1217, 1220 (9th Cir. 1998). Alternatively, a plaintiff can establish a *prima facie* case circumstantially, by meeting the four requirements outlined in *McDonnell Douglas:* the plaintiff (1) is a member of a protected class, (2) performed according to the employer's legitimate expectations, (3) suffered an adverse employment action, and (4) was treated less favorably than similarly situated employees. *Chuang v. Univ. of Cal. Davis, Bd. of Trustees,* 225 F.3d 1115, 1123 (9th Cir. 2000) (citing *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973). While Plaintiff does not plead facts supporting a claim that she was treated less favorably than other similarly situated people, her claim is sufficient to give rise to discriminatory animus based on her claimed need for specific lactation breaks related to her pregnancy.

## IV. Order

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1-1) may proceed against Transdev Services, Inc.

IT IS FURTHER ORDERED that Plaintiff's Complaint must be filed on the docket.

IT IS FURTHER ORDERED that the Clerk of Court must issue a summons for Transdev Services and send the same along with one copy of Plaintiff's Complaint and one copy of this Order to the U.S. Marshal Service.

IT IS FURTHER ORDERED that the Clerk of Court must send one USM-285 to Plaintiff who must complete the form to the best of her ability to do so and return the completed form no later than **November 16, 2026** to:

Gary G. Schofield
U.S. Marshal, District of Nevada
Lloyd D. George Federal Courthouse
333 Las Vegas Blvd. S., Suite 2058
Las Vegas, Nevada 89101

Plaintiff is reminded to review the Nevada Secretary of State, Business Entity search engine to locate the resident agent for Defendant upon whom the Complaint should be served.

IT IS FURTHER ORDERED that the U.S. Marshal must attempt to effect service of this Order and Plaintiff's Complaint (ECF No. 1-1), together with the Summonses, on Defendant no later than twenty-one (21) days after receipt of the completed USM-285 form.

IT IS FURTHER ORDERED that failure to return to USM 285 will prevent service of the Complaint on Defendant and may result in dismissal of this action without prejudice.

Dated this 26th day of October 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE